**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                           )<br>                      Plaintiff,       )<br>                                                           )<br>v.                                                        )<br>                                                           )<br>THOMAS G. WILSON,                   )<br>                                                           )<br>                      Defendant.   )<br>_____)  | Civil Action No. 3:06-529-CMC-BM<br><br>**REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff to foreclose a real estate mortgage on property situated in the District of South Carolina, and for other relief. Defendant filed a pro se answer on April 4, 2006 in which he expressed his "intention to facilitate the resolution of the arrearage to the satisfaction of the Plaintiff in this matter within one (1) months time from the beginning of the resolution proceedings."

No resolution of the case has occurred, however, as the Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on July 13, 2006. As the Defendant is proceeding pro se, a Roseboro order was entered by the Court on July 17, 2006, advising Defendant of the importance of a motion for summary judgment and of the need for him to file an adequate response. Defendant was specifically advised that if he failed to respond adequately, the Plaintiff's motion may be granted. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Defendant has failed to file any response to the Plaintiff's motion,

1



which is now before the Court for disposition.[1]

**Discussion**

The evidence before the Court reflects that on January 19, 1993 the Plaintiff executed a note in favor of the United States of America, acting through the Farmers Home Administration, in the amount of $47,000.00. Plaintiff's Exhibit A. Simultaneously with the execution of this note, Plaintiff also executed a purchase money mortgage, granting the real property that is the subject of this mortgage foreclosure action as security for the money borrowed in the note. See Plaintiff's Exhibit B. Plaintiff has submitted as Exhibit D an affidavit from Rosemary Busby, a rural development specialist, who attests that as of July 5, 2006 the Defendant is delinquent on his mortgage loan, and that the last payment by the Defendant on his account was on December 7, 2004. On January 11, 2005, Defendant was sent by certified mail a notice of acceleration, demand for payment, and notice of intent to foreclose. Plaintiff's Exhibit E.

As of July 11, 2006, the unpaid balance on this note was $63,322.59, including principal and interest to that date. Interest accrues thereafter at $9.28 per day. Plaintiff's Exhibit C. Finally, Assistant United States Attorney Douglas Barnett has filed an affidavit wherein he states that, as of the date of the filing of the lis pendens in this action (March 9, 2006 [see Plaintiff's Exhibit F]), there were no persons other than the parties to this action who had or claimed any lien against the subject property, except for any lien for ad valorem taxes.

As previously noted, Defendant has filed no evidence, or even submitted any

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



arguments, to contest the Plaintiff's evidence, or to dispute his delinquency on this note and mortgage.

## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **granted**, and that a judgment of foreclosure be entered in favor of the Plaintiff for foreclosure of the real property that is the subject of this action, together with a monetary judgment against the Defendant in the amount of $63,322.59 (as of July 11, 2006), with interest thereafter at the rate of $9.21 per day; see Plaintiff's Exhibit C; together with any costs and expenses associated with this legal action as provided for in the loan documents.[2]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 13, 2006

---

[2]Plaintiff should submit an affidavit to the Court for any additional fees and costs owed.

3

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

